### READY v. GEORGE.

INTEREST—ACCOUNTING—INTEREST ALLOWABLE ON AGREED BALANCE DUE.

On appeal from the decree in a suit for an accounting, where it appears that on a certain date the parties agreed on a balance due the defendant, and the decree failed to allow him interest thereon, it will be modified as to said interest and affirmed.

Cross-appeals from Berrien; Des Voignes (L. Burget), J. Submitted July 11, 1922. (Docket No. 111.) Decided October 2, 1922.

Bill by T. Willard Ready against Joseph L. George to restrain an action at law, and for an accounting. From the decree rendered, both parties appeal. Modified and affirmed.

*Gore & Harvey,* for plaintiff.

*Stuart B. White,* for defendant.

McDonald, J.    This bill was filed to restrain an
action at law and for an accounting.    From a decree
in favor of the defendant in the sum of $2,430.14,
both parties have appealed.

The plaintiff is a manufacturing chemist, owning
and operating factories at South Bend, Indiana, and
at Niles, Michigan, where he manufactures butter
color capsules.    Prior to his employment by the plain-
tiff, the defendant was the manager of a farmers' co-
operative bank at Putnam, Illinois.    He was engaged
by the plaintiff in September, 1918, and continued in
his service until April 21, 1920.

It appears that the plaintiff's other business interests
necessitated his absence from Niles for weeks at a
time, and that the defendant had principal charge of
the business during these periods; that the plaintiff
did not leave sufficient funds to meet his obligations;
that it became necessary for the defendant to advance
money for the payment of material, freight and ex-
press charges on goods, and other liabilities incident
to the business; that when he made these payments
for the plaintiff he took and kept receipts as evidence
thereof; that no entry of these transactions was made
on the plaintiff's books; that when plaintiff reimbursed
him for the various sums of money so paid he was
given the receipts.    It is the defendant's claim that in
November, 1919, he had in this way advanced
$2,058.88, for which he had not been reimbursed; that
he then asked for a settlement, and after tabulating
the various items, as shown by the receipts, the plain-
tiff agreed that $2,058.88 was the correct amount due,
and promised to pay it in a few days, but failed to
do so.    The plaintiff denies this, and claims that the

defendant was paid in full for all money advanced by him.

Another matter of dispute between the parties relates to defendant's salary, and to certain items of credit to which plaintiff claims to be entitled. Defendant says that when first employed, it was agreed that he was to receive a salary of $150 per month, and the rent of a dwelling estimated at $30; that within three or four weeks time his salary was increased to $50 per week; that the salary was not paid regularly and that when he quit his employment with the plaintiff there was due and unpaid on account of salary the sum of $2,075.08. The plaintiff says that the salary was not increased until October, 1919, and that it was fully paid when the defendant quit his service.

It is conceded that on three occasions in 1919 the defendant borrowed money at the Niles bank for the use of the plaintiff, giving his notes therefor; that the total amount so borrowed was $3,200, on which there is still an unpaid balance of $700.

Claiming that the plaintiff was indebted to him in the total sum of $4,235.49 for money advanced, for balance on notes and for salary, the defendant began an action at law. Shortly thereafter, the plaintiff filed his bill herein to restrain further prosecution of the action at law and to secure an accounting, claiming that there was a balance of $444.55 due to him from the defendant.

The case involves no questions of law; it is merely a matter of determining the state of the accounts between two parties, who, though of large business experience, kept little or no book records of their business transactions. The volume of business in plaintiff's factory at Niles amounted approximately to $150,000 a year. The crude methods employed by both of the parties in carrying on this large business,

their habit of paying accounts in cash instead of by check, their failure to keep any proper book records, and the consequent necessity of relying on unreliable memories to establish their conflicting claims, makes a strictly accurate accounting a most difficult, if not an impossible task.

The learned circuit judge, who heard the case, filed a written opinion as a basis for his decree. After a careful examination of the evidence and the briefs of counsel, we are satisfied that the circuit judge reached the correct conclusion on the several issues presented, with the exception that he should have allowed to the defendant the various items of interest hereinafter noted. With that exception, we quote with approval the following excerpt from his opinion:

"After careful examination of the evidence, the conduct of the parties and all the circumstances noted on the hearing of this case, I am constrained to find that on November 6, 1919, defendant and plaintiff in a general way ran over their account; that at that time defendant claimed advancements made, and that the several items were tabulated on an adding machine in the office of plaintiff and amount to $2,058.88.

"That within a few days after this defendant called attention of the plaintiff to the fact that there was his due for salary, $2,075.08.

"That of the three notes given by George for use and benefit of Ready, one of $500 and one of $1,200, both have been paid by plaintiff; that the third note has been reduced to $700 which has not been paid, and there has also been paid by George by the way of interest on said $1,500 note $27.92 or a total of $727.92.

"That since the computation of balance on salary due November 6, 1919, defendant is entitled to an additional sum, less salary of two weeks, which time he admits he was absent, leaving a balance on that item, $274.10.

"I have also found that defendant has not sustained his claim to the salary of $50 a week with the dwelling as claimed, but that the amount agreed upon was

$37.50 a week and the dwelling from the date of his employment until October, 1919, when from that date it was increased to $50 a week with the dwelling; therefore, that there should be deducted from his claim for salary, $12.50 per week for the period of 50 weeks, or $625.

"That plaintiff is also entitled to credit and offset for wheat furnished, February 1, 1920, or $1,204.35. And for additional wheat during the same month, and which is an item of $126.61.

"Cash paid by William Ready under Exhibit 24, November 8, 1920, $650. Cash paid by William Ready, November 22, 1920, $100.

"From this it will be seen that on this accounting the court finds that defendant's items aggregate $5,136.10 and plaintiff's aggregate the amount of $2,705.96, leaving a balance of $2,430.14.

"It follows that in my judgment a personal decree should be settled in favor of the defendant, George, and against plaintiff, Ready, in the sum of $2,430.14 in accord with the opinion and findings herein given."

The court having found that the parties agreed on a balance of $2,058.88 on the 6th day of November, 1919, the defendant is entitled to interest at 5 per cent. on that amount, as follows:

| | |
|---|---:|
| From Nov. 6, 1919, until Feb. 3, 1920.................. | $23.88 |
| From Feb. 3, 1920, to Feb. 19, 1920, on balance of $854.53 after deducting credit for wheat.............. | 4.84 |
| From Feb. 19, 1920, to date of decree on $727.92 after deducting $126.61 for wheat...................... | 45.62 |
| Total ...................................... | $74.34 |

He is also entitled to interest at 7 per cent. on the $1,500 note from May 13, 1919, to January 7, 1921, and to interest at the same rate on the balance of $700 to the date of the decree.

With these modifications as to interest the decree will be affirmed, with costs to the defendant.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.